## Commonwealth v. Dupcavitch

*Bernard A. Podcasy,* deputy attorney general, for the Commonwealth.

*Richard C. Shiptoski, Jonathan Blum,* for defendant.

DALESSANDRO, *J.,* September 12, 1985—

### NATURE OF PROCEEDINGS

This matter is before the court on defendant's petition to quash the criminal informations, request for habeas corpus relief or other appropriate relief.

### HISTORY AND FACTS

On April 17, 1985, two criminal complaints were issued against defendant, charging her in each criminal complaint with one count of conspiracy and one count of delivery of a controlled substance; on both of the complaints, Agent Donald Batz of the Office of Attorney General is listed as the affiant and prosecutor. The probable cause affidavit attached to the complaints indicates that the alleged criminal conduct was committed on November 22, 1984 and that the investigation, including an undercover pur-

chase of a controlled substance, was conducted by Agent Batz.

On April 24, 1985, in a preliminary hearing before District Justice Michael Collins, the Commonwealth's case was presented and prosecuted by Agent Batz. Defendant was scheduled to be arraigned before this court on August 2, 1985. Prior to the time of arraignment on that date, defendant filed a petition to quash the criminal informations, request for habeas corpus relief or other appropriate relief, on the basis that the attorney general lacked authority to investigate or prosecute this case against her. Arguments on this issue were presented to this court on August 19, 1985.

## DISCUSSION AND LAW

Defendant relies on the recent case of Commonwealth v. Carsia, 341 Pa.Super. 232, 491 A.2d 237 (1985). In Carsia, the Superior Court affirmed the lower court's dismissal of informations filed against Carsia, on the basis that the Office of Attorney General lacked the requisite authority to prosecute the defendant for bribery, obstructing the administration of law, conspiracy, and solicitation. After a brief review of the legislative history of the Commonwealth Attorneys Act (Act), 71 P.S. §732-101, et seq., the Carsia court concluded that the attorney general can only investigate and prosecute criminal actions within the confines of the act. See Carsia at 251, 491 A.2d at 247. In its determination of whether or not Carsia's prosecution was authorized by the act, the Superior Court continued as follows:

"Section 205 of the Commonwealth Attorneys Act, 71 P.S. §732-205, sets forth the scope of the Attorney General's power to prosecute criminal actions."

In the remainder of its decision, the Carsia court rejected the Commonwealth's bases of prosecution because, after consideration of the relevant facts of the case, they were not authorized by section 205(a)(1) or section 205(a)(2).

In the case presently before us, the Commonwealth relies on section 206 of the act as a statutory enlargement of the attorney general's prosecutorial powers, as enumerated in section 205. We agree.

In pertinent part, section 206 provides:

"(a) Law enforcement; criminal investigations. — The Attorney General shall be the chief law enforcement officer of the Commonwealth; the district attorney shall be the chief law enforcement officer for the county in which he is elected. The Attorney General shall have the power to investigate any criminal offense which he has the power to prosecute under section 205; *he shall continue the existing programs relating to drug law enforcement . . .*" (Emphasis supplied) 71 P.S. §732-206(a). Section 134 of the Controlled Substance, Drug, Device and Cosmetic Act, 35 P.S. §780-101, et seq., empowered the Secretary of Health to establish and operate a Bureau of Drug Control (Bureau). 35 P.S. §780-134. Section 134 permits officers and employees of the bureau to perform a wide range of law enforcement duties.* Effective July 1, 1973, the functions, powers and duties of the Department of Health, as regards the bureau, were transferred to the Depart-

---

*35 P.S. §780-134 contains the following authorization:

"(c) The secretary may designate specific officers and employes of the Bureau of Drug Control as law enforcement personnel and authorize such personnel to:

(1) Carry firearms in the performance of his official duties;

(2) Execute and serve search warrants, arrest warrants, administrative inspection warrants, subpoenas, and summonses issued under the authority of the Commonwealth;

ment of Justice and the attorney general. 71 P.S. §755-6.

It is apparent that the bureau, now known as the Bureau of Narcotics Investigation and Drug Control, was a drug enforcement program existing at the time the act became effective; as such, section 206 of the act empowers the attorney general to continue the exercise of law enforcement duties and powers transferred to the Office of Attorney General from the Secretary of Health. The investigation and prosecution of the present defendant was done within the confines of the Commonwealth Attorneys Act and is thus duly authorized by statutory law. Accordingly, defendant's petition for relief must be dismissed. An appropriate order will be entered.

### ORDER

And now, this September 12, 1985, it is hereby ordered that defendant's petition to quash the criminal informations, request for habeas corpus relief or other appropriate relief is dismissed.

---

(3) Make arrests without warrant for any offense under this act committed in his presence, or if he has probable cause to believe that the person to be arrested has committed or is committing a violation of this act which may constitute a felony;

(4) Make seizures of property pursuant to this act; or

(5) Perform other law enforcement duties as the secretary designates.